**STARMAN INVESTMENT, INC.,**
Plaintiff-Appellee,

v.

**UNITED STATES of America,**
Defendant-Appellant.

No. 74–1912.

United States Court of Appeals,
Ninth Circuit.

Jan. 26, 1976.

Amended March 24, 1976.

Robert A. Bernstein, Atty. (argued), Dept. of Justice, Washington, D. C., for defendant-appellant.

Charles P. Duffy (argued), of Duffy, Stout, Georgeson & Dahl, Portland, Ore., for plaintiff-appellee.

## OPINION

Before WALLACE and KENNEDY, Circuit Judges, and FERGUSON,* District Judge.

WALLACE, Circuit Judge:

The IRS assessed an accumulated earnings tax deficiency against Starman under Int.Rev.Code § 531. The company paid the tax and filed suit in the district court for a refund. The district court granted judgment for the taxpayer and the government filed a timely notice of appeal. We affirm.

The Starman stock is held by four brothers and their uncle, all of whom were active in the company's business. Before 1968, the company was engaged in manufacturing its own line of products and in distributing the products of another company, ITE. Some time in 1967, ITE announced its desire to distribute its own products and asked about buying the corporate business. The shareholders decided that it was not feasible to continue in business without distributing ITE's line; therefore, they decided to sell ITE all the corporation's assets except its real estate, life insurance and profit-sharing trust. Most of the shareholders were to be employed by ITE but only one was to receive an employment contract. The company did not liquidate; it leased the real estate to ITE and invested the cash proceeds in a savings account. The ultimate issue before us is: was avoidance of taxes to the shareholders one motive for the accumulation of earnings and profits in the company? *See United States v. Donruss Co.,* 393 U.S. 297, 89 S.Ct. 501, 21 L.Ed.2d 495 (1969).

■ The accumulated earnings tax is meant to be applied to all corporations "availed of for the purpose of avoiding the income tax with respect to its shareholders . . . by permitting earnings and profits to accumulate instead of being divided or distributed." Int.Rev.Code § 532. While the ultimate issue is always the existence of the proscribed tax avoidance purpose, the code provides two evidentiary rules for determining the existence of this purpose. First, if the earnings and profits have accumulated beyond the reasonable needs of the business, this fact is "determinative" of the tax avoidance purpose, "unless the corporation by the preponderance of the evidence shall prove to the contrary." *Id.* § 533(a). Second, the status of the corporation as a "mere holding or investment company" is prima facie evidence of the tax avoidance purpose. *Id.* at § 533(b).

■ Here the district court made no finding with respect to the corporation's status as a holding or investment company. The district court did find that earnings had not been permitted to accumulate beyond the reasonable needs of the business and that tax avoidance was not one of the motives for allowing the earnings to accumulate. The government must attack *both* of these findings in order to prevail on this appeal. For even if the finding that the earnings did not accumulate beyond the reasonable needs of the business is clearly erroneous, the accumulated earnings tax does not apply so long as tax avoidance was not a motive for the accumulation. Nor would a finding that the corporation was a holding or investment company change the result as long as the finding that there was no tax avoidance purpose stands. Proof that a company is a holding or investment company makes out a prima facie case of a tax avoidance purpose but the taxpayer is not foreclosed from rebutting that inference.

■ Thus, we start from the premise that even if earnings were accumulated beyond the reasonable needs of the business, the result is only that the corporation must prove by a preponderance of the evidence

---

* Honorable Warren J. Ferguson, United States District Judge, Central District of California, sitting by designation.

that there was no tax avoidance purpose for the accumulation. *See, e. g., Ivan Allen Co. v. United States,* 422 U.S. 617, 95 S.Ct. 2501, 45 L.Ed.2d 435 (1975). The corporation's argument is that its motive was not tax avoidance; its only concern was that if the corporation were liquidated, each shareholder's share would be dissipated and it would be very difficult for them to get the capital back together for a new business, should that become necessary. The government does not dispute this point; it argues that this is a shareholder and not a business purpose but that is not the issue. The trial court found there was no tax avoidance motive for the accumulation and the only issue before us is whether that finding is clearly erroneous. We have reviewed the evidence and conclude that it was not.

AFFIRMED.